UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00172 CJC-JC | Date | August 7, 2020 |
|---|---|---|---|
| Title | Andre D. Citizen v. Brian Faylor, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE STAYED PENDING OUTCOME OF UNDERLYING STATE CRIMINAL PROCEEDING**

On January 24, 2020, plaintiff Andre D. Citizen, a pretrial detainee who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of San Bernardino ("County"), County Supervisors Curt Hagman and Janice Rutherford, the County Superior Court ("Superior Court"), Superior Court Judges Miriam I. Morton, Lisa Rogan, and Eric M. Nakata, the County Sheriff-Coroner John McMahon, and County Sheriff's Deputies Brian Faylor, Vanessa Lopez, Felix Arreola, and Ty James. (Dkt. No. 1 – Complaint at 1, 3-4(b)). On June 11, 2020, the Court dismissed the Complaint with leave to amend. (Dkt. No. 12).

On July 6, 2020, plaintiff filed a First Amended Complaint ("FAC") against the County, Deputies Faylor, Lopez, James, and Arreola, Judges Morton, Rogan and Nakata, Court Clerk Sharon Duran, County District Attorney Jason Anderson, and Deputy District Attorneys M. Casey Cunningham, James Secord, and Ramandeep Johal. (Dkt. No. 15). The individual defendants are sued in both their individual and official capacities. (FAC at 1, 9-13 (as paginated on the Court's electronic docket)).

The FAC raises six claims: (1) in accordance with County policy, defendants Faylor, Lopez, Arreola, and James violated plaintiff's Fourth and Fourteenth Amendment rights when they used a cell site simulator to track plaintiff's cell phone number and information without a warrant; (2) among other things, defendants Faylor, Lopez, Arreola, and James violated plaintiff's Fourth, Fifth and Fourteenth Amendment rights when they arrested plaintiff without a warrant and Lopez, Arreola and other officers violated plaintiff's constitutional rights when they searched plaintiff's home without a warrant; (3) Judges Morton, Nakata, and Rogan carried out an illegal conspiracy to imprison plaintiff in violation of his constitutional rights; (4) plaintiff's constitutional rights have been violated because the County "is a racist for profit Religious Corporation" that exploits "people of color" – including plaintiff – "for financial gain"; (5) Deputy District Attorneys Cunningham, Secord and Johal violated plaintiff's rights by filing criminal charges against him in San Bernardino County Superior Court case no. FVI18000824

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00172 CJC-JC | Date | August 7, 2020 |
|---|---|---|---|
| Title | Andre D. Citizen v. Brian Faylor, et al. | | |

("State Criminal Case");[1] and (6) District Attorney Anderson ignored plaintiff's complaints about Cunningham, Secord and Johal's actions. (FAC at 3-7). The FAC requests, *inter alia*, injunctive relief and damages. (FAC at 16).

      To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a Section 1983 action must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck does not, however, bar a plaintiff from bringing an action that would impugn an anticipated *future* conviction. Wallace v. Kato, 549 U.S. 384, 393 (2007). Nonetheless, "[i]f a plaintiff files a [civil rights] claim before he has been convicted (*or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94 (emphasis added; citations omitted); Younger v. Harris, 401 U.S. 37, 43-55 (1971). If the plaintiff is ultimately convicted, and if the stayed federal civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed. Wallace, 549 U.S. at 394 (citations omitted).

      Here, among other things, the FAC attacks the Superior Court's jurisdiction over plaintiff, argues that certain defendants have "carried out an illegal conspiracy to imprison plaintiff[,]" and asserts that the Deputy District Attorneys prosecuting the criminal action against plaintiff lack "standing or [the] statutory authority to do so." (FAC at 5-6). Additionally, plaintiff raises Fourth Amendment allegations that certainly appear related to the criminal case pending against him. (FAC at 3-4). Accordingly, it appears that a stay under Wallace and/or Younger is appropriate. See, e.g., Peyton v. Burdick, 358 F. App'x 961, 962 (9th Cir. 2009) ("Because Peyton's claims implicate rulings that are likely to be made in the pending state court criminal proceeding, the district court should have stayed the section 1983 action 'until the criminal case . . . is ended[.]'" (citations omitted)).

      IT IS THEREFORE ORDERED that by no later than **August 28, 2020**, plaintiff shall show good cause in writing, if any exists, why the instant action should not be stayed until final resolution of the ongoing State Criminal Case.

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the court docket and related documents in the State Criminal Case. See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts."). These documents demonstrate that on March 30, 2018, criminal charges – including two counts of attempted murder – were filed against plaintiff in San Bernardino County Superior Court, and these charges remain pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00172 CJC-JC | Date | August 7, 2020 |
|---|---|---|---|
| Title | Andre D. Citizen v. Brian Faylor, et al. | | |

**Plaintiff is cautioned that the failure timely to comply with this Order and/or to show good cause may result in an order staying this action and/or the dismissal of this action for lack of prosecution/failure to comply with the Court's order.**

IT IS SO ORDERED.