## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:20-cv-00172-CJC-JC | Date | February 3, 2022 |
|---|---|---|---|
| Title | Andre D. Citizen v. Brian Faylor, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**   (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

On January 24, 2020, plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, and on July 6, 2020, he filed a First Amended Complaint which, among other things, sought to enjoin criminal proceedings initiated against plaintiff in San Bernardino County Superior Court Case No. FVI18000824 ("State Criminal Case."). (Dkt. Nos. 1, 15).

On October 15, 2020, the District Judge issued on Order staying this action pursuant to Younger v. Harris, 401 U.S. 37 (1971), and its progeny "until the State Criminal Case has been finally resolved." (Dkt No. 20; "Stay Order"). The Stay Order also required plaintiff, among other things, to file status reports every sixty days, with the first status report due on December 14, 2020. (Stay Order at 10). Additionally, the Stay Order cautioned plaintiff that his failure to timely file a status report "may result in the dismissal of this action based upon plaintiff's failure to comply with the Court's Order and/or for lack of prosecution." (Id.).

Plaintiff failed to timely file a status report and on June 28, 2021, the Court issued an Order to Show Cause ("First OSC") requiring plaintiff to show cause why this action should not be dismissed for failure to prosecute and/or failure to comply with the Stay Order. (Dkt. No. 26). Plaintiff subsequently filed a Status Report on July 22, 2021. (Dkt. No. 28).

On August 5, 2021, the Court discharged the First OSC and *sua sponte* modified the Stay Order to require "status reports every one hundred twenty (120) days beginning one hundred twenty 120 days from the date of this Order." (Dkt. No. 30). Despite this modified time frame, plaintiff has again failed to timely file a status report.

**IT IS THEREFORE ORDERED that the plaintiff shall show good cause in writing, within fourteen (14) days from the date of this Order, as to why this action should not be dismissed for failure to prosecute and/or failure to comply with the Stay Order.** The overdue status report must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00172-CJC-JC | Date | February 3, 2022 |
|---|---|---|---|
| Title | Andre D. Citizen v. Brian Faylor, et al. | | |

accompany any response to this Order to Show Cause. Alternatively, if plaintiff does not wish to proceed with this action at this juncture, he may instead date, sign and return the attached dismissal notice by the foregoing deadline.

**Plaintiff is cautioned that the failure timely to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action for failure to prosecute and/or for failure to comply with the Stay Order and/or the instant Order to Show Cause.**

IT IS SO ORDERED.[1]

Attachment

---

[1] This Order to Show Cause constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with such non-dispositive ruling, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the ruling to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the ruling is non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the ruling herein if such party does not seek review thereof, or object thereto.