UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE D. CITIZEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>    Defendants. | Case No. 5:20-cv-00172-CJC-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On January 24, 2020, Plaintiff Andre D. Citizen filed a Complaint pursuant to 42 U.S.C. § 1983, and on July 6, 2020, filed a First Amended Complaint which, among other things, sought to enjoin criminal proceedings initiated against Plaintiff in San Bernardino County Superior Court Case No. FVI18000824 ("State Criminal Case."). (Dkt. Nos. 1, 15).

On October 15, 2020, this Court issued on Order staying this action pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and its progeny "until the State Criminal Case has been finally resolved." (Dkt No. 20; "Stay Order"). The Stay Order also required Plaintiff, among other things, to file status reports every sixty days, with

the first status report due on December 14, 2020. (Stay Order at 10). Additionally, the Stay Order cautioned Plaintiff that his failure to timely file a status report "may result in the dismissal of this action based upon Plaintiff's failure to comply with the Court's Order and/or for lack of prosecution." (Stay Order at 10).

Plaintiff failed timely to file a status report and on June 28, 2021, the Court issued an Order to Show Cause ("First OSC") requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute and/or failure to comply with the Stay Order. (Dkt. No. 26). Plaintiff subsequently filed a Status Report on July 22, 2021. (Dkt. No. 28).

On August 5, 2021, the Court discharged the First OSC and *sua sponte* modified the Stay Order to require "status reports every one hundred twenty (120) days beginning one hundred twenty 120 days from the date of this Order [*i.e.*, by December 3, 2021]." (Dkt. No. 30; "Modified Stay Order"). Despite this modified time frame, Plaintiff again failed timely to file a status report and to date, has not done so.

In light of the foregoing, the Magistrate Judge, on February 3, 2022, issued another Order to Show Cause ("Second OSC") which this Court adopts, and with which this Court agrees. (Docket No. 38). The Second OSC reminded Plaintiff that the latest status report called for by the Stay Order/Modified Stay Order had not been filed and ordered Plaintiff, within fourteen (14) days (*i.e.*, by February 17, 2022), to show good cause in writing why this action should not be dismissed for failure to prosecute and/or failure to comply with the Stay Order/Modified Stay Order. The Second OSC further ordered that the overdue status report must accompany Plaintiff's response thereto and cautioned Plaintiff that his failure timely to comply with the Second OSC and/or to show good cause may result in the dismissal of this action for failure to prosecute and/or for failure to comply with the Stay Order/Modified Stay Order and/or the Second OSC.

///

Although the deadline to respond to the Second OSC expired more than two weeks ago, to date, Plaintiff has not responded to the Second OSC or filed the required status report that was due in December 2021. Accordingly, as discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and Plaintiff's failure to comply with the Stay Order/Modified Stay Order and the Second OSC.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

## III. DISCUSSION AND ORDERS

First, as noted above, the Court has reviewed the Second OSC, agrees with the Second OSC, and finds that the Second OSC was properly issued for the reasons discussed therein.

Second, as the above-referenced procedural history reflects, Plaintiff has repeatedly been notified of his obligation to comply with the Stay Order/Modified Stay Order and to file regular status reports and has entirely failed to file the requisite status report that was due in December 2021. Most recently, the Second OSC again afforded Plaintiff an opportunity to explain his failure to file a requisite status report and to show cause why this action should not be dismissed based upon his failure to comply with the Stay Order/Modified Stay Order and to prosecute this action. It further cautioned Plaintiff that his failure timely to respond to the Second OSC may result in the dismissal of this action based upon his failure to comply with the Court's Orders and/or to prosecute this action. Plaintiff has not responded.

Finally, upon consideration of the five factors noted above, the Court finds that Plaintiff's unreasonable failure to prosecute his case and failure to comply with the Stay Order/Modified Stay Order and the Second OSC warrant dismissal as four factors support dismissal, and at least three factors strongly support dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Plaintiff's response to the Court's directives. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as Plaintiff has already been

cautioned of the consequences of his failure to prosecute and his failure to comply with the Stay Order/Modified Stay Order and the Second OSC, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is appropriate.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the Stay Order/Modified Stay Order and the Second OSC, and that Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve a copy of the instant Memorandum Opinion and Order Dismissing Action and the Judgment on Plaintiff and any counsel for Defendants.

IT IS SO ORDERED.

DATED: March 9, 2022

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE